IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS H. FLUHARTY,
Trustee of the Chapter 11 Bankruptcy Estates of
Dennis Ray Johnson, II (No. 3:16-BK-30227);
DJWV2, LLC (No. 3:16-BK-30062);
Southern Marine Services, LLC (No. 3:16-BK-30063);
Southern Marine Terminal, LLC (No. 3:17-BK-30064);
Redbud Dock, LLC (No. 3:16-BK-30398);
Green Coal, LLC (No. 3:16-BK-30399);
Appalachian Mining & Reclamation, LLC (No. 3:16-BK-30400)
Producer's Land, LLC (3:16-BK-30401);
Producer's Coal, Inc. (3:16-BK-30402);
Joint Venture Development, LLC (No. 3:16-BK-30403),

        Plaintiffs,

v.             CIVIL ACTION NO. 3:17-4220

PEOPLES BANK, NA,
PEOPLES INSURANCE AGENCY, LLC,
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, and
ZACHARY B. BURKONS,

        Defendants.

**ORDER GRANTING DEFENDANT BURKONS'S MOTION TO DISMISS**

Pending before the Court, in addition to a variety of other motions, is Defendant Zachary B. Burkons's ("Receiver Burkons") Motion to Dismiss (ECF No. 16). In that motion, Receiver Burkons argues that Plaintiff's claims against him should be dismissed. Plaintiff, acting as trustee for a group of business debtors ("Coal Group"), alleges claims against Receiver Burkons under three causes of action: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) common law fraud; and (3) physical assault. *Compl.*, ECF No. 1, at ¶¶ 122-85. Receiver Burkons contends that three sufficient and independent lines of legal reasoning require

this Court to dismiss the claims against him. Receiver Burkons's three arguments are as follows: (1) dismissal is appropriate because he is a court-appointed receiver, and this Court lacks jurisdiction to hear a collateral attack on the actions taken as a receiver; (2) dismissal is appropriate because he is entitled to immunity for the actions taken within his capacity as a court-appointed receiver; and (3) dismissal is appropriate because Plaintiff's Complaint fails to state a claim against Receiver Burkons. *Burkons Mot. to Dismiss*, ECF No. 16, at 1-2. Because the Court agrees with Receiver Burkons's first argument, the Court **GRANTS** his Motion to Dismiss (ECF No. 16). Further, because this Court lacks jurisdiction to hear the claims against Receiver Burkons, the Court will not address his remaining theories for dismissal.

As way of background, Receiver Burkons became embroiled in the circumstances underlying this action through a court order. The Coal Group defaulted on loans held by Peoples Bank, N.A. ("Peoples Bank"). *Compl.*, at ¶¶ 62-67. Peoples Bank initiated a lawsuit against the Coal Group, among other entities, in the Circuit Court of Cabell County, West Virginia, requesting judgment on the money due under the loans. *Id.* at ¶ 79. Peoples Bank also asked the Circuit Court to appoint a receiver to handle the matters of the Coal Group. *Id.* Granting the request of Peoples Bank, the Circuit Court initially appointed Mr. David G. Zatezalo as the receiver. *Id.* at ¶¶ 92-95. However, shortly after his appointment, Mr. Zatezalo requested that the state court relieve him of his receivership appointment. *Id.* at ¶ 97. The Circuit Court then appointed Receiver Burkons as the replacement receiver in the matter, "in order to continue operation within the receivership. . . . " *Ex. C to Burkons Mot. to Dismiss*, ECF No. 16-3, at 3.[1]

---

[1] When considering a motion to dismiss based upon a court's lack of subject matter jurisdiction, a court may consider, and take judicial notice of, information that lies outside the pleadings. *See Goldfarb v. Mayor of City Council of Balt.*, 791 F.3d 500, 506 (4th Cir. 2015).

Plaintiff predominately premises his claims against Receiver Burkons upon two instances. The first, Plaintiff claims that Receiver Burkons traveled to Kentucky where he allegedly "physically assaulted [Dennis Ray] Johnson[, II], causing severe physical and emotional injuries." *Compl.*, at ¶ 104. Plaintiff claims Receiver Burkons assaulted Johnson in an effort to "repossess" equipment that supposedly served as collateral for the defaulted loans held by Peoples Bank. As such, Plaintiff asserts that Receiver Burkons committed this alleged physical assault "ostensibly under color of 'receivership.'" *Id.*

Second, Plaintiff focuses upon Receiver Burkons's filing of Involuntary Chapter 11 Bankruptcy Petitions against some of the Coal Group entities. *Id.* at ¶ 105. Plaintiff contends that these petitions were filed fraudulently. *Id.* at ¶ 176. In support of that contention, Plaintiff asserts that Receiver Burkons never actually had authority to act as a receiver because he failed to post the appropriate bond, a requirement under West Virginia law. *See e.g. id.* at ¶ 103, 134-37.

In light of Plaintiff's allegations, the Court cannot adjudicate Plaintiff's claims. The actions alleged by Plaintiff were taken in furtherance of the receiver duties imposed upon Receiver Burkons by the Cabell County circuit judge. Therefore, this Court is deprived of subject matter jurisdiction to hear the claims against Receiver Burkons.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can follow two tracks.[2] Under the first track, a party asserts a "factual attack," claiming that the jurisdictional

---

[2] The Court must note that Receiver Burkons filed his motion under Rule 12(b)(6). *See Burkons Mot. to Dismiss*. However, his first argument, which relies upon the *Barton* doctrine, goes to the lack of this Court's subject matter jurisdiction. *See McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012) ("The Supreme Court established in *Barton* that before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver."). Motions to dismiss premised upon a court's lack of subject matter jurisdiction are brought under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Because the Court has a continuing obligation to dismiss those matters for which it lacks subject matter jurisdiction, Receiver Burkons's failure to bring his

allegations made in the complaint are inaccurate. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (describing this type of jurisdictional challenge). Under the second track, referred to as a "facial attack," a party asserts that the jurisdictional facts contained within the complaint, taken as true, fail to support a court's subject matter jurisdiction over the action. *Id.*; *see Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986) (referring to an attack that claims that "the allegations of the complaint are facially insufficient to sustain the court's jurisdiction"). When considering a "facial attack," a court affords the plaintiff "the same procedural protection as he[or she] would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (internal quotation marks and citation omitted). Receiver Burkons has asserted a facial attack, thus the Court will proceed under the Rule 12(b)(6) procedural framework.

To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Further, the Court accepts the factual allegations in the complaint as true. Those allegations, however, "must be enough to raise a right to relief above the speculative level . . . . " *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their

---

motion to dismiss under both 12(b)(1) and 12(b)(6), is of no consequence.

truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Receiver Burkons's primary argument for dismissal rests upon the Supreme Court's 1881 decision in *Barton v. Barbour*, 104 U.S. 126 (1881). In that case, the Court announced the aptly titled "*Barton* doctrine." Under the doctrine, if a plaintiff wishes to sue a court-appointed receiver for the actions taken while serving in that capacity, the plaintiff must acquire leave from the court that appointed the receiver. *McDaniel*, 668 F.3d at 156-57 (explaining the doctrine). If the plaintiff fails to obtain leave from the appointing-court, then the secondary court in which the plaintiff has brought the relevant claims lacks subject matter jurisdiction over those claims. *See id.*

Critical to the determination of the *Barton* doctrine's applicability, the Court must determine whether the acts at the heart of Plaintiff's claims against Receiver Burkons were taken within his official capacity. *Id.* In doing so, the Fourth Circuit instructs courts to consider "the nature of the function that the [receiver] was performing during commission of the actions for which liability is sought." *Id.* at 157 (citing *Heavrin v. Schilling (In re Triple S Rests., Inc.)*, 519 F.3d 575, 578 (6th Cir. 2008)). Further, courts presume that acts were taken as part of the court-appointed duties "unless Plaintiff initially alleges at the outset facts demonstrating otherwise." *Id.* (internal quotation marks omitted) (quoting *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 322 (6th Cir. 2006)).

Although aged in its origin, the *Barton* doctrine has continued vitality due to the important interests it protects.³ Courts have a strong interest in protecting from unjustified personal liability, those court-appointed individuals who have agreed to serve as an arm of the appointing-court. *See id.* (internal quotation marks omitted) (quoting *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d. Cir. 1996)). Without such a shielding principle, the task of receivership would "become a more irksome duty," making it more difficult to tap competent individuals to serve in the role. *Id.* (internal quotation marks omitted) (quoting *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998)).

The Court finds that the *Barton* doctrine applies to Plaintiff's claims against Receiver Burkons, and thus the Court lacks subject matter jurisdiction to hear them. On the face of Plaintiff's Complaint, Plaintiff alleges that Receiver Burkons acted "under the color of 'receivership,'" and that Receiver Burkons claimed that he was authorized to act due to his receivership appointment. *Compl.*, ¶¶ 104-05. Upon these allegations by Plaintiff, combined with the general presumption that actions by a receiver are done in the official capacity, the Court must conclude that Receiver Burkons acted within the context of his court-appointed duties.

---

³ Despite the *Barton* doctrine's age and relevance, its exact parameters are not terribly well defined, and the case law development in this circuit is relatively sparse. *See Lismore Vill. Homeonwers' Ass'n, Inc. v. Eastwood Constr., LLC*, No. 6:14-CV-2185-BHH, 2016 WL 3385081, at *6-7 (D.S.C. June 20, 2016) (providing the relative lack of clarity regarding the doctrine's reach, and analyzing *McDaniel*, the sole case from the Fourth Circuit cited by the court when discussing the *Barton* doctrine); *see also Gordon v. Nick*, 162 F.3d 1155, at *2 (4th Cir. Sept. 2, 1998) (unpub. table decision) (dispensing with the *Barton* issue concisely, providing a two paragraph discussion); *James Freeman Brown Co. v. Harris*, 139 F. 105, 109 (4th Cir. 1905) (finding the *Barton* requirement met and reversing a lower court's order dismissing the matter); *Posin v. Sheehan*, No. 5:11CV96, 2011 WL 3022305, at *2, *4 (N.D.W. Va. July 22, 2011) (citing predominately out-of-circuit opinions, except for the preceding district court decision in *McDaniel v. Blust*, No. 1:09CV507, 2010 WL 144352 (M.D.N.C. Jan. 8, 2010)).

Pushing back upon the applicability of the *Barton* doctrine, Plaintiff argues that Receiver Burkons never fulfilled the statutory requirements necessary to serve as a court-appointed receiver. Plaintiff claims that no acts of Receiver Burkons can qualify as acts taken "in his official capacity" because Receiver Burkons was never bestowed with official duties due to his failure to meet the statutory preconditions of service. *Pl.'s*, ECF No. 19, at 2-4. Plaintiff correctly notes the statutory requirements for becoming a court-appointed receiver under West Virginia law. *Id.* at 3 (quoting W. Va. Code § 53-6-1). However, if Plaintiff had concerns over Receiver Burkons's satisfaction of the statutory duties, he should have addressed those issues with the state court that appointed Receiver Burkons. *See Ledbetter v. Farmers Bank & Tr. Co.*, 142 F.2d 147, 151 (4th Cir. 1944) (commenting upon a plaintiff's failure to object before the appointing-court to either the appointment of the receiver, or the bond amount). Further, Plaintiff's contention potentially implicates the sufficiency and correctness of the state court judge's order appointing Receiver Burkons. The *Barton* doctrine was implemented to forbid such an invasive collateral attack upon a state court appointment. Simply, this is not the court before which Plaintiff should complain about Receiver Burkons's appointment. As such, the Court must dismiss the claims against Receiver Burkons.

Plaintiff also argues that the filing of bankruptcy by the Coal Group "oust[ed] the receivership of control of the corpus of the bankrupt [sic]." *Pl.'s Resp.*, at 5. Because of that, Plaintiff asserts that this Court "has jurisdiction over this matter." *Id.* at 8. Despite the potential veracity of Plaintiff's jurisdictional comments, Plaintiff has missed the point. The appointing-court serves as the "gatekeeper" for matters regarding an appointed receiver. *See McDaniel*, 668 F.3d at 157-58. This practical limitation upon the reviewing power of other courts, not only allows the appointing-court to review the alleged wrongdoings of its appointed agent, but also provides

information relevant to "its future appointments." *Id.* That this Court may have jurisdiction over the pending bankruptcies of the Coal Group does not alter the gatekeeping functions of the Circuit Court of Cabell County, which vested authority in Receiver Burkons to act as an arm of that court. Therefore, consistent the *Barton* doctrine, and the interests it protects, Plaintiff needed to seek the permission of the state court prior to appearing before this Court with complaints about Receiver Burkons.

In sum, this Court lacks subject matter jurisdiction over the claims brought against Receiver Burkons. Although Receiver Burkons's acts were potentially wrongful, wrongfulness alone does not eviscerate the *Barton* doctrine. *See McDaniel*, 668 F.3d at 157. Indeed, if that were the case, the doctrine would be rendered threadbare. Plaintiff, if he insisted upon bringing claims against Receiver Burkons, needed to obtain leave from the correct court. Although that permission "ordinarily should be granted," the permission is not this Court's to grant. *See id.* at 156 n.1 (quoting *Anderson v. United States*, 520 F.3d 1027, 1029 (5th Cir. 1975)).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 24, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE