IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS H. FLUHARTY,
Trustee of the Chapter 11 Bankruptcy Estates of
Dennis Ray Johnson, II (No. 3:16-BK-30227);
DJWV2, LLC (No. 3:16-BK-30062);
Southern Marine Services, LLC (No. 3:16-BK-30063);
Southern Marine Terminal, LLC (No. 3:17-BK-30064);
Redbud Dock, LLC (No. 3:16-BK-30398);
Green Coal, LLC (No. 3:16-BK-30399);
Appalachian Mining & Reclamation, LLC (No. 3:16-BK-30400)
Producer's Land, LLC (3:16-BK-30401);
Producer's Coal, Inc. (3:16-BK-30402);
Joint Venture Development, LLC (No. 3:16-BK-30403),

                    Plaintiffs,

v.                                           CIVIL ACTION NO.   3:17-4220

PEOPLES BANK, NA,
PEOPLES INSURANCE AGENCY, LLC,
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, and
ZACHARY B. BURKONS,

                    Defendants.

**ORDER**

Pending before the Court, among various motions, is Plaintiff's Motion for Leave to File Partial Summary Judgment on Receivership ("Motion for Leave") (ECF No. 40). Plaintiff attached to that motion both his Motion for Partial Summary Judgment on Receivership ("Summary Judgment Motion") (ECF No. 40-1) and his Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Receivership (ECF No. 40-2). Plaintiff asserts that this Court should permit him to file for partial summary judgment prior to the completion of discovery because the

record and evidence on the issue of Defendant Burkons's compliance with the West Virginia statute on receivership is clear at this point. *Ex. 2 to Pl.'s Mot. for Leave*, ECF No. 40-2, at 2.

Substantively, in the Summary Judgment Motion, and the accompanying memorandum, Plaintiff requests summary judgment on the discrete issue of whether Defendant Burkons was actually a receiver under West Virginia law. *Ex 1 to Pl.'s Mot. for Leave*, ECF No. 40-1, at 1. Plaintiff contends that because neither Defendant Burkons, nor any other party, posted a receiver bond, as required under the statute, Defendant Burkons never held the right to act as a court-appointed receiver. *See generally Ex. 2 to Pl.'s Mot. for Leave*.

The Court recently addressed Plaintiff's claims regarding Defendant Burkons's supposed failure to comply with the West Virginia statute that specifies the preconditions for a receivership appointment. *See Order Granting Defendant Burkons's Motion to Dismiss*, ECF No. 87. As reflected in that Order, the *Barton* doctrine prevents this Court from reviewing the sufficiency of an appointment of a receiver without the permission of the appointing-court. *See id.* at 7-8; *see also Barton v. Barbour*, 104 U.S. 126 (1881); *McDaniel v. Blust*, 668 F.3d 153 (4th Cir. 2012). Likewise, the *Barton* doctrine prevents this Court from determining the issue on which Plaintiff requests partial summary judgment. Plaintiff has failed to obtain the leave of the appointing-court, as required by the *Barton* doctrine.

Because, as explained in this Court's previous Order filed on April 24, 2018, the law is clear with regard to this Court's ability to inspect the sufficiency of Defendant Burkons's receivership appointment, the Court finds that it is appropriate to rule on Plaintiff's Summary Judgment Motion. Therefore, the Court **GRANTS** Plaintiffs Motion for Leave to File Partial Summary Judgment on Receivership (ECF No. 40), and the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment on Receivership (ECF No. 40-1).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 1, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE