IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THOMAS H FLUHARTY, Trustee of the
Chapter 11 Bankruptcy Estates of:
   Dennis Ray Johnson, II (No. 3:16-BK-30227); et al,

       Plaintiffs,

v.

PEOPLES BANK, NA, et al,

       Defendants.

Case No. 3:17-cv-04220

The Honorable Robert C. Chambers

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECEIVERSHIP

COMES NOW Thomas H. Fluharty, Esq., Trustee of the Bankruptcy Estate of Dennis R. Johnson and in support of Plaintiff's Motion for Partial Summary Judgment on Receivership filed herewith, states as follows

One of the factual and legal positions taken by the Plaintiff, Thomas H. Fluharty, Trustee of the ten Chapter 11 Bankruptcy Estates as captioned in the Complaint, is that Defendant Dennis Burkons never qualified as a receiver in a case filed in the Circuit Court of Cabell County, West Virginia styled *Peoples Bank, NA v. Appalachian Mining and Reclamation, LLC, et al*, Case No. 15-C-807, Circuit Court of Cabell County, West Virginia (the "State Court action" – see e.g. Compl. (ECF Doc. 1), ¶ 79 and ¶¶ 93-103).

In various motions to dismiss currently pending before the Court, the positions of the Defendants challenge, or simply ignore the implications, of this position. Most notably, this affects the arguments of the respect parties for and against the motions filed by Zachary Burkons (ECF 16) and Peoples Bank (ECF #27). Although these defendants attack this lawsuit as an

{00154827 1}

Case 3:17-cv-04220 Document 90 Filed 05/01/18 Page 2 of 7 PageID #: 971

improper attempt to "collaterally attack" the State Court proceedings concerning receivership (which plaintiff has addressed in response to the motions to dismiss), a determination of at least one material factual issue underlying these various disputes – the question of whether Burkons was or was not ever a receiver under West Virginia law – can be addressed by the Court at this early juncture of the case. Doing so will greatly simplify the issues, not only as to the motions to dismiss, but for the remainder of the course of this action.

While discovery is nascent, this issue is capable of resolution now. The only material evidence is contained in the records of the Circuit Court of Cabell County, West Virginia. Plaintiff has secured from that Court, Exhibit 1 attached to the Motion (which was also attached to the Complaint as Ex. C (ECF Doc. 1-3)). That clerk certifies therein, that after review of all of the records of the Circuit Court of Cabell County that there is no evidence that Dennis Burkons ever posted a bond in that case.

This evidence is clearly material. This evidence is not capable of being disputed. This evidence is dispositive.

Plaintiff plead (Compl. ¶ 103) that Mr. Burkons was nominated for appointment by the Circuit Court of Cabell County as a receiver. That is not in dispute. Plaintiff also plead (Compl. ¶¶102-103, 141, 147, 153, 159, 165, 175, 178, 180, 184, 233 ) that Mr. Burkons never obtained the necessary bond to actually become the receiver. Various Defendants have ignored these allegations in their motions to dismiss. Based on the material, indisputable and dispositive evidence, these allegations should now be recognized as an adjudicated fact, to simplify the issues herein, by the Court's grant of partial summary judgment as requested herein.

Without posting a bond, Dennis Burkons was never a receiver under West Virginia law. The appointment of a receiver is governed by a statute in West Virginia. See W.Va. Code § 53-6-1. That statute provides:

> A court of equity may, in any proper case pending therein, in which funds or property of a corporation, firm or person is involved, and there is danger of the loss or misappropriation of the same or a material part thereof, appoint a special receiver of such funds or property, or of the rents, issues and profits thereof, or both, **who shall give bond with good security to be approved by the court, or by the clerk thereof, for the faithful performance of his trust, and for paying over and accounting for, according to law, all such moneys that may come into his hands by virtue of his appointment.** But no such receiver shall be appointed of any real estate, or of the rents, issues and profits thereof, until reasonable notice of the application therefor has been given to the owner or tenant thereof. A judge of such court in vacation may appoint such receiver of any such property, except real estate, and the rents, issues and profits thereof.

(Emphasis added.)

To become a receiver under West Virginia law, two things are required. First, a Court must enter an order appointing a person as a receiver. (These facts were alleged, and Mr. Burkons has offered some indicia of meeting this requirement.) But that is not enough. There is a second requirement. That requirement is that the person so appointed must post a bond. The posting of a bond is not optional. The posting of a bond is the sine qua non of the acceptance of the appointment.

Syllabus point 8 of the decision of the Supreme Court of Appeals of West Virginia in *Crumlish's Administrator v. Shenandoah Valley Railroad Co.*, 40 W.Va. 627, 22 S.E. 90 (1895) provides: "A receiver has no power or title until he give the bond required of him." (See also, *Donahue v. Fackler*, 21 W.Va. 124 (1882). )I

> The West Virginia Constitution, in Const. art. VIII § 4, provides in pertinent part, that:
>
> No decision rendered by the court shall be considered as binding authority upon any court, except in the particular case decided, unless a majority of the justices of

3

> the court concur in such decision . . . and it shall be the duty of the court to prepare a syllabus of the points adjudicated in each case in which an opinion is written and in which a majority of the justices thereof concurred, which shall be prefixed to the published report of the case.

The opinion in *Crumlish* was concurred in by a majority of the court, and the above-cited syllabus point 8 was part of the "Syllabus by the Court" prefixed to the case. Therefore, it was a point of law adjudicated in the case and concurred in by a majority of the justices. As such, as a syllabus point in a signed opinion, this holding has the highest precedential value under law, consistent with the West Virginia Supreme Court's longstanding practice. *State v. McKinley*, 234 W. Va. 143, 153 (2014); *Walker v. Doe*, 210 W. Va. 490, 496, (2001), *overruled on other points by* State v. McKinley, *supra* (noting Court's "longstanding practice").

The bond requirement for receivers, as recognized by *Crumlish's Administrator,* in an old one; but unchanged since, either by modification to the statute, or subsequent case law. The giving of bond is and has been a long and essential component of the receivership process under West Virginia law. Mr. Burkons is not, and never has been, a receiver.

Wherefore, for the above reasons, the Court should grant the Motion, and grant to plaintiff an order of partial summary judgment, ruling that defendant Burkons was never a receiver despite the proceedings in the State Court action.

Respectfully submitted,

THOMAS H. FLUHARTY, Trustee of the Chapter 11 Bankruptcy Estates of:
Dennis Ray Johnson, II; DJWV2, LLC; Southern Marine Services, LLC; Southern Marine Terminal, LLC; Redbud Dock, LLC; Green Coal, LLC; Appalachian Mining & Reclamation, LLC; Producer's Land, LLC; Producer's Coal, Inc.; & Joint Venture Development, LLC

By: /s/ _____
Of Counsel

Patrick S. Cassidy, Esq. (WV State Bar No. 671)
Thomas M. Cunningham, Esq. (WV State Bar No. 6569)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L. C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
Telephone: (304) 232-8100
Facsimile: (304) 232-8200
pcassidy@walslaw.com
tmc@walslaw.com

Martin P. Sheehan, Esq. (WV State Bar No. 4812)
SHEEHAN & NUGENT, PLLC
41 Fifteenth Street
Wheeling, WV 26003
Telephone: (304) 232-1064
Facsimile: (304) 232-1066
sheehanbankruptcy@wvdsl.net

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THOMAS H FLUHARTY, Trustee of the
Chapter 11 Bankruptcy Estates of:
    Dennis Ray Johnson, II (No. 3:16-BK-30227); et al,

    Plaintiffs,

v.

PEOPLES BANK, NA, et al,

    Defendants.

Case No. 3:17-cv-04220

The Honorable Robert C. Chambers

## CERTIFICATE OF SERVICE

This is to certify that on the _____ day of January, 2018, the foregoing *Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Receivership* was filed electronically via the Court's EM/ECF filing system, which will send notification of such filing to all counsel of record.

LISA M ZARING ESQ
MONTGOMERY RENNIE & JONSON
36 E SEVENTH ST, SUITE 2100
CINCINNATI OH 45202
LZaring@mrjlaw.com
*Counsel for Peoples Insurance Agency, LLC*

CAROL P. SMITH, ESQ.
FROST BROWN TODD
LAIDLEY TOWER – SUITE 401
500 LEE STREET, EAST
CHARLESTON, WV 25301
csmith@fbtlaw.com
*Counsel for Great American Insurance Company of New York*

RONDA L. HARVEY, ESQ.
STUART MCMILLAN, ESQ.
BOWLES RICE, LLP
PO BOX 1386
CHARLESTON, WV 25325-1386
rharvey@bowlesrice.com
*Counsel for Zackary B. Burkons*

KIRK B. BURKLEY, ESQ.
JOHN J. RICHARDSON, ESQ.
BERNSTEIN-BURKLEY, PC
GULF TOWER, SUITE 2200
707 GRANT STREET
PITTSBURGH, PA 15219
kburkley@bernsteinlaw.com
jrichardson@bernsteinlaw.com
*Counsel for Peoples Bank, NA*

ARCH W. RILEY, JR., ESQ.
BERNSTEIN-BURKLEY, PC
PO BOX 430
WHEELING, WV 26003
ariley@bernsteinlaw.com
*Counsel for Peoples Bank, NA*

6

By: /s/_____
Of Counsel

Patrick S. Cassidy, Esq. (WV State Bar No. 671)
Thomas M. Cunningham, Esq. (WV State Bar No. 6569)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L. C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
Telephone: (304) 232-8100
Facsimile: (304) 232-8200
pcassidy@walslaw.com
tmc@walslaw.com

Martin P. Sheehan, Esq. (WV State Bar No. 4812)
SHEEHAN & NUGENT, PLLC
41 Fifteenth Street
Wheeling, WV 26003
Telephone: (304) 232-1064
Facsimile: (304) 232-1066
sheehanbankruptcy@wvdsl.net