IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS H. FLUHARTY,
Trustee of the Chapter 11 Bankruptcy Estates of
Dennis Ray Johnson, II (No. 3:16-BK-30227);
DJWV2, LLC (No. 3:16-BK-30062);
Southern Marine Services, LLC (No. 3:16-BK-30063);
Southern Marine Terminal, LLC (No. 3:17-BK-30064);
Redbud Dock, LLC (No. 3:16-BK-30398);
Green Coal, LLC (No. 3:16-BK-30399);
Appalachian Mining & Reclamation, LLC (No. 3:16-BK-30400)
Producer's Land, LLC (3:16-BK-30401);
Producer's Coal, Inc. (3:16-BK-30402);
Joint Venture Development, LLC (No. 3:16-BK-30403),

       Plaintiffs,

v.             CIVIL ACTION NO.   3:17-4220

PEOPLES BANK, NA,
PEOPLES INSURANCE AGENCY, LLC,
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, and
ZACHARY B. BURKONS,

       Defendants.

**ORDER**

On June 28, 2018, the local counsel for Defendant Peoples Insurance Agency, LLC ("Peoples Insurance"), Mr. Lawrence E. Morhous, filed his Notice of Withdrawal (ECF No. 93). With the filing, Mr. Morhous gave "formal notice that he ha[d] withdrawn as local counsel." *Notice of Withdrawal*, ECF No. 93, at 1. According to Mr. Morhous, his withdrawal is "in line with the Court's February 26, 2018, ORDER (Document 65) granting [Peoples Insurance's] motion to allow him to be excused as that defendant's sponsoring attorney." *Id.* However, Mr. Morhous's filing is premised upon a misapprehension of both this Court's previously entered Order Granting

Peoples Insurance Agency, LLC's Motion to Excuse Sponsoring Attorney Lawrence E. Morhous From Further Attendance (ECF No. 65), and the local rules of this District. As such, for the reasons explained below, the Court **STRIKES** Mr. Morhous's Notice of Withdrawal (ECF No. 93) from the Docket.

On February 23, 2018, Defendant Peoples Insurance filed a Motion to Excuse Sponsoring Attorney Lawrence E. Morhous From Further Attendance ("Motion to Excuse") (ECF No. 62). In that motion, Peoples Insurance requested that the Court "excuse attorney Lawrence E. Morhous, Sponsoring Attorney for Visiting Attorney Lisa M. Zaring, from further attendance during proceedings." *Motion to Excuse*, ECF No. 62, at 1. Peoples Insurance's filed the Motion to Excuse pursuant to Local Rule 83.6. *Id.* at 1-2.

Local Rule 83.6 governs the admission of visiting attorneys—those not admitted to practice in this state—to appear before this Court. LR Civ. P. 83.6. The rule requires that a "Visiting Attorney" shall be permitted to appear before this Court "in a particular case in association with a Sponsoring Attorney." *Id.* 83.6(a). In addition to being "a member of the bar of this court, having an office for the practice of law in West Virginia, and practice law primarily in West Virginia," a "Sponsoring Attorney" must "consent to the designation [as a sponsoring attorney for a visiting one]." *Id.* Once designated as a Sponsoring Attorney for a Visiting Attorney, the West Virginia-barred, Sponsoring Attorney "shall [ ] sign all papers that require the signature of an attorney." *Id.*

Recognizing the potential need for flexibility, Local Rule 83.6 allows the Sponsoring Attorney to cede some primary litigation responsibilities to a Visiting Attorney. With the Court's consent, a Sponsoring Attorney may "be excused from further attendance during the proceedings and the Visiting Attorney may continue to appear in that particular case." *Id.* Indeed, Peoples

Insurance's February, 2018, Motion to Excuse requested relief pursuant to that provision of Local Rule 83.6.

The Court entered a proposed order granting Peoples Insurance's Motion to Excuse. *Order Granting Peoples Insurance Agency, LLC's Mot. to Excuse Sponsoring Attorney Lawrence E. Morhous from Further Attendance ("Excuse Order")*, ECF No. 65, at 1-2. In doing so, this Court "excused [Mr. Morhous] from further attendance in this action" and permitted the remaining counsel for Peoples Insurance to "appear without Mr. Morhous going forward and sign pleadings." *Id.* at 2. Four months after this Court entered the Excuse Order, Mr. Morhous relied upon that order in his Notice of Withdrawal. However, his reliance on this Court's Excuse Order is misplaced.

The excuse provision in Local Rule 83.6 does not permit the Sponsoring Attorney to withdraw entirely from a case. Instead, it merely permits a Visiting Attorney to continue to appear in Court proceedings, and sign pleadings without the presence, or co-signature, of the Sponsoring Attorney. In other words, the Sponsoring Attorney does not have to attend in order for a Visiting Attorney to properly appear before this Court. Mr. Morhous appears to have overlooked the distinction between "attendance" and "appearance" in a case before this Court.

This Court's Excuse Order did not terminate Mr. Morhous's appearance in this case, nor did it remove Mr. Morhous has counsel of record listed on the docket. Instead, the Excuse Order merely permitted Mr. Morhous to take a more passive roll in the case, in favor of the Visiting Attorney, Ms. Zaring, consistent with what Local Rule 83.6 permits.

Under Local Rule 83.6, if Ms. Zaring wants to appear before this Court as a Visiting Attorney, she must have a Sponsoring Attorney, absent a showing of good cause to waive compliance with the local rules. *See Tinsley v. Astrue*, No.   , 2012 WL 5381678, at *3-5 (S.D.W. Va. Oct. 31, 2012) (Chambers, J.) (accepting a magistrate judge's finding that a plaintiff had not

demonstrated good cause for waiving Local Rule 83.6). Peoples Insurance has neither presented a good cause argument for waiver of Local Rule 83.6, nor proffered a Sponsoring Attorney substitution for Mr. Morhous.[1] Therefore, the Court cannot permit Mr. Morhous to withdraw as Sponsoring Attorney in this matter at this time.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   July 6, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] Although one of Ms. Zaring's partners, Mr. Ralph E. Burnham, is a member of the West Virginia Bar and has appeared in this case, Peoples Insurance has not moved to substitute Mr. Burnham as Ms. Zaring's Sponsoring Attorney. Further, Peoples Insurance has not submitted sufficient information for the Court to determine if Mr. Burnham could meet the requirements of a Sponsoring Attorney.