IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS H. FLUHARTY,
Trustee of the Chapter 11 Bankruptcy Estates of
Dennis Ray Johnson, II (No. 3:16-BK-30227);
DJWV2, LLC (No. 3:16-BK-30062);
Southern Marine Services, LLC (No. 3:16-BK-30063);
Southern Marine Terminal, LLC (No. 3:17-BK-30064);
Redbud Dock, LLC (No. 3:16-BK-30398);
Green Coal, LLC (No. 3:16-BK-30399);
Appalachian Mining & Reclamation, LLC (No. 3:16-BK-30400)
Producer's Land, LLC (3:16-BK-30401);
Producer's Coal, Inc. (3:16-BK-30402);
Joint Venture Development, LLC (No. 3:16-BK-30403),

       Plaintiffs,

v.            CIVIL ACTION NO. 3:17-4220

PEOPLES BANK, NA,
PEOPLES INSURANCE AGENCY, LLC, and
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

       Defendants.

## AMENDED SCHEDULING ORDER

Pending is the Joint Motion by Plaintiffs and Great American Insurance Company of New York for Continuance. ECF No. 96. There being no opposition to the motion by Defendants Peoples Insurance Agency LLC nor Peoples Bank NA, the Court **GRANTS** the motion and amends the current Scheduling Order as follows:

  1.  <u>Discovery</u>:  The parties shall complete all discovery requests by **April 29, 2019,** and all depositions by **June 14, 2019.** The last date to complete depositions shall be the 'discovery completion date' by which all discovery, including disclosures required by *Fed. R. Civ. P.* 26(a)(1)

and (2), but not disclosures required by *Fed. R. Civ. P.* 26(a)(3), should be completed. Pursuant to *L.R.* 26.1(c), the Court **DIRECTS** of the parties to confer with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions) and with respect to remaining issues regarding preservation and production of ESI.

2. <u>Expert Witnesses</u>:  The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **February 28, 2019**. The party not bearing the burden of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **March 28, 2019**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **April 18, 2019**.

3. <u>Dispositive Motions</u>:  All dispositive motions, except those filed under *Fed. R. Civ. P.* 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **July 3, 2019**. Any response shall be filed within 14 days of the filing of the motion, with replies due within 7 days of the filing of the response. If not filed electronically, a copy of any motion, supporting memorandum, response and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion, supporting memorandum, response or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

4. <u>Settlement Meeting and *Fed. R. Civ. P.* 26(a)(3) Disclosures</u>:  No later than **August 9, 2019**, counsel and any unrepresented parties shall meet to conduct settlement

negotiations. Lead trial counsel for the plaintiffs shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all *Fed. R. Civ. P.* 26(a)(3) disclosures at the settlement meeting.

     5.     <u>Proposed Integrated Pretrial Order</u>:  Counsel for the plaintiffs shall prepare their portion of the pretrial order and submit it to counsel for the defendants no later than **August 19, 2019**. Counsel for the defendants shall prepare and file a proposed integrated pretrial order no later than **August 26, 2019**. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in *L.R.* 16.7(b), including any objections to *Fed. R. Civ. P.* 26 (a)(3) disclosures.

     6.     <u>Pretrial Conference</u>:  A final pretrial conference shall be held on **September 3, 2019**, at **10:00 a.m.** in **Huntington.** Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case shall be present in person. Following the pretrial conference, the Court shall enter a final pretrial order, which shall only be modified to prevent manifest injustice.

     7.     <u>Proposed Charge to Jury</u>:  No later than **September 10, 2019**, counsel and any unrepresented parties shall submit to the presiding judge proposed jury instructions in charge form on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate. The proposed instructions shall be exchanged among counsel and any unrepresented parties before their submission. The proposed instructions shall not be filed with the Clerk and made part of the record unless ordered by a judicial

officer.

8.  <u>Final Settlement Conference</u>:  A final settlement conference, attended by lead trial counsel and any unrepresented parties, shall be held on **September 16, 2019**, at **9:30 a.m.** in **Huntington.** Individuals with full authority to settle the case shall be present in person.

9.  <u>Trial</u>:  Trial of this action shall commence on **September 17, 2019**, at **8:30 a.m.** in **Huntington.**

10.  <u>Failure to Appear or Negotiate</u>:  At least one attorney for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and unrepresented parties are subject to sanctions for failures and lack of preparation.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:  August 22, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE